# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PREPARED FOOD PHOTOS, INC.,** | * | |
| **Plaintiff,** | * | |
| v. | * | CIVIL NO. JKB-22-3372 |
| **N & K FOODS, INC. et al,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Stay. (ECF No. 27.) Defendants request a stay pending a decision by the Judicial Panel on Multidistrict Litigation regarding the consolidation of this matter with other matters pending in this district and others. (*Id.*) The Motion will be granted and this matter will be stayed until June 7, 2023.

It is well established that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). In considering a motion to stay, courts weigh the following factors: "(1) the impact on the orderly course of justice, sometimes referred to as judicial economy . . . ; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018).

The Court finds that a brief stay is warranted in this case. This case is one of seven that are the subject of a pending Motion for Transfer and Consolidation or Coordination under 28 U.S.C. § 1407. (ECF No. 27-1 at 1.) In the absence of a stay, the parties will likely engage in duplicative discovery and litigation, and judicial resources will be wasted. In short, "[a] stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted." *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001).

Further, although there may be some prejudice to Plaintiff, "the possibility of a slight delay for the Plaintiff[ ] is far outweighed by the possible prejudice faced by the Defendants if this case is not stayed pending transfer" to the Judicial Panel on Multidistrict Litigation. *Yearwood v. Johnson & Johnson, Inc.*, Civ. No. RDB-12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012). Moreover, any prejudice to Plaintiff is tempered by the fact that the Court will not grant an indefinite stay. Rather, the Court will stay this matter through June 7, 2023, and will reconsider the stay at that time.

Accordingly, it is ORDERED that:

1. Defendant's Motion (ECF No. 27) is GRANTED;
2. This matter is STAYED until June 7, 2023; and
3. A STATUS CALL is set in for June 1, 2023 at 3:00 p.m., and counsel for the Plaintiff is directed to arrange for and distribute conference call information to all counsel and Judge Bredar's chambers.

DATED this 24 day of March, 2023.

BY THE COURT:

James K. Bredar
Chief Judge